UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOLPH PATRICK GREENE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOLANO COUNTY JAIL, et al.,<br><br>　　　　Defendants. | No. 2:14-cv-1980-EFB P<br><br><br>ORDER GRANTING IFP AND DISMISSING<br>COMPLAINT WITH LEAVE TO AMEND<br>PURSUANT TO 28 U.S.C. § 1915A |

　　　　Plaintiff is a former county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] In addition to filing a complaint, he has filed an application to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915, and a request for appointment of counsel. His IFP application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, his request for leave to proceed in forma pauperis is granted.

**I.　Request for Appointment of Counsel**

　　　　District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional circumstances in this case.

**II.     Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### III.     Screening Order

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds that it must be dismissed with leave to amend for failure to state a claim.  Plaintiff alleges that his request for legal envelopes and a pen and paper were denied with instructions to obtain supplies from the canteen, or to use the personal letter envelopes that are given to indigent inmates. Plaintiff does not allege if or why the personal letter envelopes were inadequate.  He claims that he subsequently attempted to file in state court an application for a writ about the denial of legal envelopes, but the envelope was returned to him because of insufficient postage.  Plaintiff then submitted another request to jail officials for "supplies" but that request was denied.  Plaintiff alleges that his mail was opened outside his presence in violation of his right to confidentiality. He seeks 4.5 million dollars in damages.  The complaint lists the Solano County Sherriff, the Solano County Jail, and Thomas A. Ferrara as defendants.  The complaint is devoid of any allegations linking any of these defendants to any violation of plaintiff's federal rights.  Under the applicable legal standards, discussed below, the complaint must be dismissed for failure to state a claim.  To proceed, plaintiff must file an amended complaint.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).   An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable

for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In sum, plaintiff must identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation.

A municipal entity or its departments is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). Here, plaintiff fails to state a claim against the Solano County Sherriff or the Solano County Jail because he has not sufficiently alleged that he was injured as a result of employees acting pursuant to any policy or custom of the County. Local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).

Prisoners enjoy a First Amendment right to send and receive mail and to petition the government for redress of grievances. *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). However, a prison may adopt regulations that impinge on an inmate's constitutional rights if the regulations are reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Witherow*, 52 F.3d at 265. Regulations impacting outgoing mail must more closely fit their purposes than those impacting incoming mail, but in neither instance must the regulation be the least restrictive means of achieving its purpose. *Thornburgh*, 490 U.S. at 412; *Witherow*, 52 F.3d at 265.

States must provide indigent prisoners with stamps to mail legal documents. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). "Legal mail" in the context of the First Amendment generally applies to correspondence between a prisoner and his attorney or mail sent from a prisoner to a court. *See Wolff v. McDonnell*, 418 U.S. 539, 575-76 (1974); *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). Prisons have a legitimate interest in controlling the amount of postage they

4

provide to indigent inmates. *Semeneck v. Ahlin*, No. 1:09-cv-00566 JLT (PC), 2010 U.S. Dist. LEXIS 125075, at *16 (E.D. Cal. Nov. 16, 2010) (noting that an inmate does not have a constitutional right to free postage simply because he is sending documents to courts, public officers, or lawyers); *Rodriguez v. Stone*, No. 1:06-cv-00663-OWW-SMS PC, 2007 U.S. Dist. LEXIS 95789, at *8 (E.D. Cal. Dec. 6, 2007) (same); *Shock v. Vonbiela*, No. C-93-3371 MHP, 1994 U.S. Dist. LEXIS 11350, at *2-5 (N.D. Cal. Aug. 2, 1994) (granting summary judgment to defendant correctional officer on plaintiff's allegations that the officer refused to provide state-paid postage for plaintiff's letters to a senator).

Prisoners enjoy a First Amendment right of access to the courts. *Bounds*, 430 U.S. at 821. An inmate alleging a violation of his right to access the courts must show that he suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). That is, he must allege that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. *See id.* at 351; *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).

Prison officials may open and inspect, but not read, a prisoner's legal mail. *Nordstrom v. Ryan*, 762 F.3d 903 (9th Cir. 2014). An isolated incident of mail interference or tampering is usually insufficient to establish a constitutional violation. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003); *see also Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights); *Witherow v. Paff*, 52 F.3d 264, 266 (9th Cir. 1995) (per curiam) (First Amendment not violated where prison's mail regulation related to a legitimate penological interest).

Moreover, there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply because he played a role in processing plaintiff's inmate appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any

5

1    substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest

2    requiring the procedural protections envisioned by the fourteenth amendment. . . .  Thus,

3    defendants' failure to process any of Buckley's grievances, without more, is not actionable under

4    section 1983." (internal quotations omitted)).

5         Here, plaintiff's allegations are too vague and conclusory to demonstrate that any

6    particular defendant violated his federal rights by denying him supplies or postage, or by

7    interfering with his mail or access to the courts.  Plaintiff will be granted leave to file an amended

8    complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and

9    sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-

10   27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend

11   to correct any deficiency in their complaints).  Should plaintiff choose to file an amended

12   complaint, the amended complaint shall clearly set forth the claims and allegations against each

13   defendant.

14        Any amended complaint must not exceed the scope of this order and may not add new,

15   unrelated claims.  Further, any amended complaint must cure the deficiencies identified above

16   and also adhere to the following requirements:

17        Any amended complaint must identify as a defendant only persons who personally

18   participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

19   *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

20   constitutional right if he does an act, participates in another's act or omits to perform an act he is

21   legally required to do that causes the alleged deprivation).   It must also contain a caption

22   including the names of all defendants.  Fed. R. Civ. P. 10(a).

23        Any amended complaint must be written or typed so that it so that it is complete in itself

24   without reference to any earlier filed complaint.  L.R. 220.  This is because an amended

25   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

26   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

27   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

28   /////

being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff's request for appointment of counsel (ECF No. 7) is denied without prejudice.

3. The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in this action being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:  September 10, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE